UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANE RICHARDSON, | : |
| Plaintiff, | : NO. 3:05cv1460 (MRK) |
| v. | : |
| UNIVERSITY OF BRIDGEPORT, | : |
| Defendant. | : |

## RULING AND ORDER

Currently pending before the Court is Plaintiff's Motion for Dismissal [doc. # 35], in which she asks this Court to dismiss with prejudice all of her federal claims and to decline supplemental jurisdiction over her state law claims. Defendant opposes Plaintiff's motion and urges this Court to exercise supplemental jurisdiction over Plaintiff's state claims and to dismiss them on their merits. Plaintiff's Motion for Dismissal follows argument on Defendant's Motion to Dismiss [doc. # 11], which the Court held on May 30, 2006, at which time the Court urged Plaintiff to consider voluntarily dismissing her federal claims. As Defendant has requested, the Court has reviewed the transcript of that argument before issuing this Ruling and Order.

The Court fully appreciates Defendant's desire to obtain a ruling on the merits of Plaintiff's state law claims. The Court is also cognizant that, in appropriate cases, the Court may exercise supplemental jurisdiction over state claims even after all federal claims have been dismissed. *See e.g.*, *Mauro v. S. New England Telecomms., Inc.*, 208 F.3d 384, 388 (2d Cir. 2000) (upholding retention of jurisdiction over supplemental state claims, where declining jurisdiction over state law claims "would have furthered neither fairness nor judicial efficiency" and the state causes of action

did not require the district court "to resolve any novel or unsettled issues of state law"). Nonetheless, "as a general proposition . . . if [all] federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (internal quotation marks omitted, alteration in original). This usual rule of restraint "reflect[s] concerns about the relationship between state and federal courts," *Seabrook v. Jacobson*, 153 F.3d 70, 71 (2d Cir. 1998), and recognizes that, absent especially compelling reasons to the contrary, a state court is the proper forum to resolve disputes that involve purely state law issues, *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable [state] law.").

In this case, there are no compelling reasons for departure from the ordinary rule of restraint. This action has not been pending long and the Court has made no special investment of time or knowledge in it. It is true that most of the parties' discovery is now complete, but that does not counsel in favor of exercising supplemental jurisdiction; it just means that not much additional discovery will be needed if Plaintiff chooses to file her state law claims in state court. It is also true that Defendant has prepared a substantial brief arguing that Plaintiff's federal and state law claims have no merit. But once again, that does not justify supplemental jurisdiction, since Defendant's efforts have already convinced Plaintiff to dismiss her federal claims and may well deter her from re-filing in state court. Moreover, if Plaintiff does choose to press her state law claims, Defendant will be able to make good use of its brief in state court, which is the appropriate entity to determine whether those claims are cognizable under state law. Under these circumstances, the Court sees no justification for exercising its discretion to retain jurisdiction over Plaintiff's state law claims.

Accordingly, the Court GRANTS Plaintiff's Motion for Dismissal [doc. # 35]. All of Plaintiff's federal claims are dismissed with prejudice, but without costs or fees. The Court declines to exercise jurisdiction over Plaintiff's state law claims, and therefore, those claims are dismissed without prejudice to renewal in state court. In view of this ruling, the Court DENIES AS MOOT Defendant's Motion for Summary Judgment [doc. # 27]. For the reasons stated during an on-the-record telephonic conference with the parties on July 12, 2006 [doc. # 36], the Court also DENIES Defendant's Motion for Sanctions [doc. # 31].

**The Clerk is directed to close this file**.

IT IS SO ORDERED,

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: July 24, 2006**.